# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| QUINCETTA Y. CARGILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-00160-KOB-JHE |
| ) | |
| ADMINISTRATIVE CONFERENCE ) | |
| OF THE UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on January 21, 2022, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A.  (Doc. 27).  The magistrate judge notified the plaintiff of her right to file objections within 14 days of the report and recommendation.  (Doc. 27).  When the report and recommendation was returned to the court as undeliverable, (doc. 28), the magistrate judge located the plaintiff and ordered that the report and recommendation be sent to the plaintiff at her updated address, again allowing 14 days for the plaintiff to file objections.  (Doc. 29).  After that extension expired, the plaintiff filed a motion for additional time, which the magistrate judge again allowed.  (Docs. 30, 31).  On March 28, 2022, the court received the plaintiff's objections.  (Doc. 32).

The magistrate judge recommended that this case be dismissed based on (1) the plaintiff's failure to name a defendant subject to suit under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971); (2) the absolute immunity of the United States Attorney for the Northern District of Alabama; (3) and the plaintiff's failure to state a claim upon which relief may be granted.  (Doc. 27).  The plaintiff does not object specifically to any of those findings, but instead claims her "unlawful conviction" and sentencing for wire and mail fraud stemmed from systematic racism within the federal court system.  (Doc. 32 at 1, 2, 8).

As previously explained to the plaintiff, one judge of this court will not consider whether another judge of this court used her race as a factor in criminal sentencing.  *See* Doc. 27 at 8-9 and n.6; *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Nor may she challenge the validity of her criminal conviction through a civil action.  *See Preiser v. Rodrigeuz*, 411 U.S. 475, 497-99 (1973); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (applying *Preiser* to cases brought under *Bivens* and holding "claims which challenge the validity of the claimant's conviction … are simply not cognizable").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court **OVERRULES** those objections, **ADOPTS** the report, and **ACCEPTS** the magistrate judge's recommendation.  Therefore, in accordance with 28 U.S.C. §

1915A, this action is due to be dismissed without prejudice for failing to state a claim upon which relief may be granted.

The court will enter Final Judgment contemporaneously.

**DONE** and **ORDERED** this 7th day of April, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE